# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| YLIYAH BEN YISRAYL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-113 CAS |
| | ) | |
| SAINT GENEVIEVE COUNTY JAIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of plaintiff, an inmate at Forrest Medium

Security Institution at Forrest City, Arkansas, for leave to commence this action without payment

of the required filing fee.[1]  For the reasons stated below, the Court finds that the plaintiff does

not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of

$1.00.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will

dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or

her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  After payment of the initial partial filing fee, the prisoner is required to make

---

[1]The Court separated this action from another action in this Court, *Ben Yisrayl v. Saint Genevieve County Jail,* No. 1:17-CV-112 AGF (E.D. Mo.), on July 17, 2017.  On July 26, 2017, plaintiff filed in this case a request [Doc. 2] to accept his motion to proceed in forma pauperis that was filed in his prior case.  The Court will ask the Clerk to file a copy of his motion to proceed in forma pauperis in the present case for the convenience of the Court and the plaintiff.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed a notice in *Ben Yisrayl v. Saint Genevieve County Jail*, Case No. 1:17-CV-112 AGF (E.D. Mo.), stating that he has been unable to get a copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971),[2] alleging violations of his civil rights. Plaintiff names Saint Genevieve County Jail, Corporal Unknown Karol and the United States Marshal Service as defendants in this action. Plaintiff brings this action against defendants in their official capacities only.

Plaintiff states that during his incarceration at the Saint Genevieve County Jail he was not given an appropriate kosher diet. He claims that this was in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1(a). Specifically, plaintiff disagrees with the Jail's practices of transferring food items in Styrofoam containers, preparing food from cans, reheating food that was cooked in advance and serving unsealed food. Plaintiff asserts that if the food is unsealed he does not trust that it is kosher. Plaintiff claims that he asked in June 2017, through his attorney, to be transferred by the United States Marshals Service to St. Louis County Jail, where he thinks the kosher practices are better, but he did not hear back about his request for transfer. Since that time, plaintiff has been transferred to Forrest Medium Security Institution in Forrest, Arkansas.

Plaintiff seeks monetary damages only in this action, in an amount of one million dollars.

**Discussion**

Plaintiff's claim against the Saint Genevieve County Jail is legally frivolous because the Jail is not an entity that can be sued. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

---

[2]A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

Plaintiff's claim under the RLUIPA against the United States Marshals Service, a division of the United States Department of Justice, also fails. A *Bivens* action cannot be brought against the United States, its agencies, or its government officials who are sued in their official capacities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *see also Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("*Bivens* allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations"); *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (complaint against a government official in his official capacity is a suit against the United States, and sovereign immunity precludes prosecution of a *Bivens* action against the United States).

Plaintiff's claim under the RLUIPA against defendant Karol, a Corporal at the Saint Genevieve County Jail, is also subject to dismissal. While the RLUIPA allows official capacity claims against prison officials, it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). Further, even if plaintiff had sought injunctive relief, his claims for such relief would be moot because he is no longer imprisoned in the Saint Genevieve County Jail. Therefore, plaintiff's claims under the RLUIPA are frivolous in this action and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to accept his motion to proceed in forma pauperis filed in his related case is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall make a copy of plaintiff's motion to proceed in forma pauperis from *Ben Yisrayl v. Saint Genevieve County Jail*, No. 1:17-CV-112 AGF (E.D. Mo.), and docket it in the instant matter.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.  *See* 28 U.S.C.§ 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this   19th   day of September, 2017.